UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOUGLAS C. JONES,

    Plaintiff,

vs.                                    Case No. 3:11-cv-1217-J-34MCR

CHUGACH EDUCATION SERVICES, INC.,

    Defendant.
_____/

# **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's pro se Complaint (Doc. 1), his Amended Complaint (Doc. 6), and Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a motion to proceed in forma pauperis. On December 13, 2011, the Court entered an Order taking Plaintiff's Motion to Proceed In Forma Pauperis under advisement and directing Plaintiff to file an Amended Complaint. (Doc. 4). Plaintiff did so on January 3, 2012.

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous,

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id., § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327.

Section 1915(e)(2)(B)(ii) requires the Court to dismiss an in forma pauperis action if the Court determines that it fails to state a claim on which relief may be granted. Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (Rule 12(b)(6) dismissal). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). Instead, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. 550 U.S. at 555, 127 S.Ct. at 1965.

Here, Plaintiff's Amended Complaint does not contain factual allegations which raise a right to relief above the speculation level. The Amended Complaint alleges retaliation pursuant to 42 U.S.C. §1981. In the Order taking Plaintiff's Motion to Proceed In Forma Pauperis under advisement, the Court observed that Plaintiff originally claimed retaliation in violation of Title VII of the Civil Rights Act of 1964. The Court informed Plaintiff that Defendant was exempt from employer liability under Title VII, as Defendant is an Alaskan Native Corporation (an "ANC"). (Doc. 4, p.3). The Court noted, however, that several cases have held that ANCs may be sued for retaliation under 42 U.S.C. §1981 and permitted Plaintiff "an opportunity to file an amended complaint if he [was] able to satisfy the requirements of another federal statute or if he [could] show that Defendant is not an ANC." Id. Plaintiff elected to pursue a claim under 42 U.S.C. §1981. Unfortunately, Plaintiff's Amended Complaint does not satisfy the requirements of §1981.

Plaintiff's Amended Complaint (Doc. 6) alleges Defendant failed to hire him in retaliation for a charge of discrimination Plaintiff filed against a previous employer. "Section 1981 of Title 42 protects an individual's right to be free from racial discrimination in the 'making, performance, modification, enforcement, and termination' of contracts[.]" Cooley v. Board of School Com'rs of Mobile County, Ala., No. 07-0822-KD-M, 2009 WL 424593, at *9 (S.D. Ala. Feb. 17, 2009) (quoting Selby v. Tyco Healthcare Group, L.P., 301 F.App'x 908, 910 (11th Cir. 2008)).

Section 1981 also permits causes of action for retaliation.  See Tucker v. Talladega City Schools, 171 F.App'x. 289, 295 (11th Cir. 2006) (citing Andrews v. Lakeshore Rehabilitation Hosp., 140 F.3d 1405, 1412-13 (11th Cir. 1998)).  However, unlike Title VII, which permits claims based on various forms of discrimination, any claim, including retaliation claims, brought under §1981 may be based only on racial discrimination.  Tucker, 171 F.App'x. at 295.  Accordingly, Plaintiff's Amended Complaint fails to state a retaliation claim under §1981 as it makes no mention of Plaintiff's race.  Moreover, the undersigned does not believe Plaintiff can cure this deficiency through amendment as the underlying charge of discrimination filed with the Equal Employment Opportunity Commission, upon which Plaintiff bases his retaliation claim, alleges discrimination based on age rather than race.  See Cooley, 2009 WL 424593, at *9 (granting summary judgment to employer where plaintiff alleged retaliation pursuant to §1981 but neither the complaint, the EEOC charges, nor the prior litigation, which formed the basis for the retaliation claim, were based on race); Cartwright v. Tacala, Inc., No. CIV A 99-W-663-N, 2000 WL 33287445, *10 (M.D. Ala. Nov. 1, 2000) (granting summary judgment to employer on §1981 retaliation claim where plaintiff failed to show she complained about racially discriminatory conduct and noting that plaintiff "must-at a minimum-establish that the opposition for which she suffered an adverse employment action pertained to racial discrimination."); Little v. United Technologies, 103 F.3d 956, 961 (11th Cir. 1997) (Eleventh Circuit noted that because §1981 is "concerned with *racial* discrimination in the making and enforcement of contracts," no retaliation claim will

lie unless the retaliation is leveled against the plaintiff "due to his race")(emphasis in original). As such, the undersigned believes Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and is due to be dismissed under §1915(e)(2)(B)(ii).

Accordingly, it is respectfully

**RECOMMENDED:**

Plaintiff's Motion to proceed In Forma Pauperis (Doc. 2) be **DENIED** and the Amended Complaint (Doc. 6) be **DISMISSED** without prejudice to Plaintiff filing a paid complaint

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __10th__ day of January, 2012.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff

Hon. Marcia M. Howard,
United States District Judge